LAURIE A. CAYTON, Trial Attorney (#4557)
405 South Main Street, Suite 300
Ken Garff Building
Salt Lake City, Utah 84111
Telephone: (801) 524-3031
Fax: (801) 524-5628
laurie.cayton@usdoj.gov

Attorney for Charles F. McVay
United States Trustee

___

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| IN RE:<br><br>MARSHA ANN KREEB,<br><br><br><br>Debtor. | BANKRUPTCY NO. 09-24983 WTT<br><br>UNITED STATES TRUSTEE'S<br>MOTION TO DISMISS PURSUANT<br>TO 11 U.S.C. §§ 707(b)(1), (b)(2) AND (b)(3)<br><br>(Chapter 7)<br><br><u>(Filed Electronically)</u> |
|---|---|

The United States Trustee for Region 19 ("UST"), through the undersigned attorney for the UST, moves the Court to dismiss this case based on 11 U.S.C. §§ 707(b)(1), (b)(2) and (b)(3). In support of the motion the UST respectfully states as follows:

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334(a) & (b); 28 U.S.C. §§ 157(a) & (b)(1); and 28 U.S.C. § 151. This is a core proceeding under 28 U.S.C. §§ 157(b)(A) & (B). This Motion is filed pursuant to 11 U.S.C. § 707(b)(1), (b)(2) and (b)(3).

2. The Debtor, Marsha Kreeb, filed a voluntary petition under Chapter 7 of Title 11 of the United States Code on May 14, 2009. David C. West was appointed Chapter 7 Trustee in this case and continues to serve in that capacity.

3. Pursuant to 11 U.S.C. § 704(b)(1)(a), the UST reviewed the materials filed by Debtor. The UST filed a Statement concerning Presumed Abuse on June 29, 2009. ("10-day Statement").

4. This Motion is filed within thirty (30) days of the 10-day Statement and is timely pursuant to 11 U.S.C. § 704(b)(2).

5. This Motion is also filed prior to the deadline established for filing motions pursuant to 11 U.S.C. §707(b)(3) of 60 days after the 341 meeting of creditors, or August 18, 2009.

6. Based on a review of Debtor's petition and Means Test where she claims that a majority of her debts are consumer in nature, as well as a review of Schedule F, Debtor's obligations are primarily consumer debts. Debtor's unsecured nonpriority debt totals $10,413. She is obligated on a mortgage for her home in St. George and a 2006 Mercedes E300 for a total secured debt of $507,308. The Debtor has indicated an intent to surrender her home and Mercedes. She has no unsecured priority debt.

7. According to Schedule I, Ms. Kreeb is disabled and receives $3,024 per month from Social Security and $6,334.18 per month from private disability payments. However, a review of Ms. Kreeb's bank statements for the six months prior to filing evidenced an additional $4,960 in deposits each month. In addition, her disability payment has been increased to $6,421.18 per month. The CMI is to be based upon income received during the full six months prior to filing.

8. Without considering any Social Security income, the Debtor's annualized current

monthly income is $136,574.16. The Debtor is marred with two minor children. According to the Debtor, her spouse is not currently employed so no income was attributed to him.[1] Therefore the Debtor has a current household size of 4. The applicable state median income for a family of 4 in Utah is $71,919. The Debtor's annualized CMI exceeds the state median by almost $65,000.

      9. The UST reviewed the documentation filed by the Debtor to determine if any additional changes were justified on the Means Test. The following changes to expense allowances were made to the Means Test:

      a) The Debtor used out-of-date figures for the IRS allowances on Lines 19B, 20A and 20B. The higher allowances have been used for purposes of the Means Test.

      b) Because the Debtor is surrendering her home, no future payments on the debt secured to the home have been included on Line 20B or Line 42. Instead, she is allowed the IRS Standard housing allowance of $1,162.

      c) The Debtor claimed two vehicles under her vehicle operation expense on Line 22A. She has indicated an intent to surrender her Mercedes and retain her Lexis which is owned free and clear. Therefore she is entitled to $211 for the vehicle and an additional $200 allowance since the Lexis is over 6 years old. Those changes are reflected on Lines 22A, 23, 24 and 42.

      d) The Debtor claimed a tax obligation of $87. The Debtor's recent tax returns indicate that she has not had a tax obligation and, in fact, has received an earned income tax credit. Therefore the amount listed on Line 25 has been reduced to $0.

---

    [1] It is possible that although no income was reported for Mr. Kreeb, he may have received severance pay, unemployment compensation or wages which are may contribute to the additional deposits reflected in Ms. Kreeb's bank statements.

e) The Debtor has listed $1,772 per month in additional health care expenses, on top of the $240 she is already entitled to claim.  The Debtor was asked to provide evidence that her health care expenses exceeded $2,000 per month, but failed to do so.  However, her tax return for 2008 did indicate a similar amount of medical expenses, so Line 31 has not been adjusted.

f) The Debtor listed no telecommunications expense but it appears that she pays $64.17 per month for a broadband internet service and that allowance has been included on Line 32.

g) The Debtor's Chapter 13 administrative expenses of $0 have been amended on Line 45 to reflect 10% of the projected average monthly Chapter 13 payment, or $470.50 per month.

10. The UST calculates that Debtor has allowable expenses of $7,146.67 (Line 49) and a CMI of $11,381.18 (Line 48).  Using these figures, the Debtor has Monthly Disposable Income pursuant to 11 U.S.C. § 707(b)(2) of $4,234.51 on Line 50 of Form 22A.

11. 11 U.S.C. § 707(b)(2)(A)(I) provides the Court shall presume abuse exists if Debtor's current monthly income reduced by allowed deductions and multiplied by 60 is equal to or greater than 25% of the nonpriority unsecured claims or $6,575, whichever is greater, or is greater than $10,950 ($182.50 per month).

12. After appropriately allowed deductions, the Debtor has $4,234.51 in net monthly disposable income.  Accordingly, the presumption of abuse arises. <u>See</u>, Exhibit "A" attached.

13. 11 U.S.C. § 707(b)(1) provides the Court may dismiss a case filed by an individual whose debts are primarily consumer debts, if it finds that granting relief would be an abuse of the provisions of chapter 7.  The UST asserts that after proper application of 11 U.S.C. § 707(b)(2) there is a presumption of abuse in this case.  In fact under the Means Test Analysis, the Debtor could not only 100% to her currently scheduled unsecured creditors over a five year period, but

also any deficiency which may be owing after the surrender of the home and Mercedes. The Court should dismiss this case pursuant to 11 U.S.C. § 707(b)(1) based on the presumption of abuse that has arisen pursuant to 11 U.S.C. § 707(b)(2).

14. In addition, pursuant to 11 U.S.C. §707(b)(3), in considering whether granting relief would be an abuse of the provisions of this chapter in a case in which the presumption of abuse does not arise or is rebutted, the court shall consider whether the debtor filed the petition in bad faith or whether the totality of the circumstances of the debtor's financial situation demonstrates abuse. Although the UST believes that the presumption of abuse does arise in this case and that the Debtor may not be able to rebut the presumption, the UST asserts that, under the totality of the circumstances, cause exists for dismissal pursuant to 11 U.S.C. §707(b)(3).

15. In reviewing Schedules I and J, certain adjustments were made as follows:

a) The Debtor's tax obligation has been eliminated due to review of her recent tax returns which show no tax obligation;

b) The Debtor's disability income has been increased to match the documentation provided to the UST;

c) The Debtor's mortgage payment has been eliminated due to the surrender of the home and has been replaced with the IRS standard housing allowance for a family of 4 in Washington County, Utah as the Debtor failed to provide evidence of her new housing related expenses.

d) The Debtor's home maintenance has been reduced from $300 to $100 per month to more accurately reflect the monthly expense related to maintaining a rental home. The Debtor's property taxes have also been eliminated with the surrender of the home.

e) The Debtor's monthly vehicle expense for the Mercedes has been eliminated due to the

Debtor's surrender of the vehicle. The insurance cost has been reduced to the monthly amount paid as reflected in her bank statements of $165.45. Her transportation expense has been calculated on retaining the Lexis.

    f) The pool maintenance expense of $250 per month has also been eliminated due to the surrender of the home.

    16. After making the adjustments listed above, the Debtor would have a minimum of $2,619.03 per month in net disposable income. Under a totality of the circumstances analysis, it appears that the Debtor has sufficient disposable income to repay over 100% of her unsecured debt in five years. See Exhibit "B" attached.

    17. In addition, the UST asserts that after proper application of 11 U.S.C. § 707(b)(2) there is a presumption of abuse in this case. Accordingly, the Court should dismiss this case pursuant to 11 U.S.C. § 707(b)(1) based on the presumption of abuse that has arisen pursuant to 11 U.S.C. § 707(b)(2).

    WHEREFORE, the United States Trustee respectfully requests that, pursuant to 11 U.S.C. § 707(b)(1), (b)(2) and (b)(3), the Court dismiss this case and grant such other relief to which the United States Trustee may be entitled.

    DATED this 29th day of July, 2009.

                                              Respectfully Submitted,

                                              CHARLES F. McVAY
                                              UNITED STATES TRUSTEE
                                              Region 19

                                              By:_____/s/_____
                                              LAURIE A. CAYTON
                                              Attorney for U.S. Trustee

CERTIFICATE OF MAILING

I HEREBY CERTIFY that a true and correct copy of the foregoing **U.S. TRUSTEE'S MOTION TO DISMISS UNDER 11 U.S.C. §707(b)(1), (b)(2) and (b)(3)** was mailed, first class, in the United States mail on this 29th day of July, 2009 to all parties as set forth below:

Marsha Ann Kreeb
3681 South 1550 West
Saint George, UT 84790


Terry L. Hutchinson
368 E. Riverside
Suite C
St. George, UT 84790

David C. West
321 North Mall Drive
Suite 0-202
St. George, UT 84790



                                                                                           /s/
                                                                           Rachelle Armstrong